Merle Lyle **CHAUSSEE** aka Mark Hillstad, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 22704.

United States Court of Appeals
Ninth Circuit.

Dec. 24, 1969.

---

Quinby R. Bingham (argued), Tacoma, Wash., for appellant.

Charles H. Turner (argued), Asst. U. S. Atty., Sidney I. Lezak, U. S. Atty., Portland, Or., for appellee.

Before MADDEN, Judge, Court of Claims, and ELY and HUFSTEDLER, Circuit Judges.

## PER CURIAM:

This appeal follows Chaussee's conviction of bank robbery. 18 U.S.C. § 2113. The evidence against him was overwhelming. Four witnesses identified him as the robber and, shortly after the crime, he was apprehended with the stolen funds in his possession.

Chaussee has been ably represented by counsel appointed to represent him in this court. He has presented several contentions in Chaussee's behalf, but none of them, save one, is sufficiently meritorious to justify mention or discussion. The exception is the contention that a portion of the prosecution's summation was so wholly unjustified and prejudicial as to require reversal. Chaussee did not testify in his own defense, and accordingly there was no evidence bearing adversely upon his character except, of course, that which was relevant to the offense of which he was convicted. Nevertheless, one of the Government's prosecuting attorneys stated to the jury during the summation for the prosecution that Chaussee was "a professional bank robber." This violation of the rules is inexcusable, and we are at a loss to understand why the particular prosecutor was moved, even by excessive zeal, to so jeopardize the Government's case. Ordinarily, we would not hesitate to hold that the remark constituted plain prejudicial error, requiring reversal. Two considerations,

however, lead us to conclude that we must affirm the judgment of conviction. The first is that the evidence of guilt was positively overwhelming. The second is that when the offensive argument was made defense counsel neither interposed an objection nor moved that the District Court declare a mistrial. It is the combined weight of these two considerations that impel us to our conclusion.

The Government's motion to dismiss the appeal is denied.

Affirmed.